**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 22-1938**

_____

MILBURN COLLIERY COMPANY,

Petitioner,

v.

DAVID S. WILLIAMS; DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED STATES DEPARTMENT OF LABOR,

Respondents.

_____

On Petition for Review of an Order of the Benefits Review Board.  (21-0160 BLA)

_____

Submitted:  March 28, 2024                              Decided:  April 11, 2024

_____

Before WYNN and RICHARDSON, Circuit Judges, and KEENAN, Senior Circuit Judge.

_____

Petition denied by unpublished per curiam opinion.

_____

Ashley Marie Harman, JACKSON KELLY PLLC, Morgantown, West Virginia, for Petitioner.  David S. Williams, Respondent Pro Se.  Ann Marie Scarpino, UNITED STATES DEPARTMENT OF LABOR, Washington, D.C., for Federal Respondent.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Milburn Colliery Company ("Milburn") petitions this court for review of the Benefits Review Board's (BRB) order affirming the Administrative Law Judge's (ALJ) decision awarding David S. Williams benefits under the Black Lung Benefits Act, 30 U.S.C. §§ 901 to 944.  Milburn first argues that the ALJ erred in calculating the length of Williams' coal mine employment and, therefore, in invoking the 15-year presumption of total disability due to pneumoconiosis under 30 U.S.C. § 921(c)(4).  Milburn further contends that the ALJ's conclusion that it did not rebut the presumption is irrational, unsupported by substantial evidence, and contrary to law.  Finding no error, we deny the petition for review.

Our review of a BRB decision upholding an award of benefits is "highly deferential."  *W. Va. CWP Fund v. Dir., OWCP*, 880 F.3d 691, 697 (4th Cir. 2018).  We consider "only whether substantial evidence supports the factual findings of the ALJ and whether the legal conclusions of the [BRB] and ALJ are rational and consistent with applicable law."  *Hobet Mining, LLC v. Epling*, 783 F.3d 498, 504 (4th Cir. 2015) (internal quotation marks omitted).  "Substantial evidence is more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Sea "B" Mining Co. v. Addison*, 831 F.3d 244, 252 (4th Cir. 2016) (internal quotation marks omitted).  "To determine whether this standard has been met, we consider whether all of the relevant evidence has been analyzed and whether the ALJ has sufficiently explained h[er] rationale in crediting certain evidence."  *Hobet Mining, LLC*, 783 F.3d at 504 (internal quotation marks omitted).

2

Milburn first argues that the ALJ erred in calculating the length of Williams' coal mine employment.[1]   Specifically, Milburn argues that the ALJ erroneously credited Williams with 10 years of employment prior to 1965.  Milburn contends that the ALJ failed to explain the method by which she calculated the length of this employment and did not address the inconsistencies among the existing accounts of Williams' pre-1965 employment history.  However, based on our review of the record, we conclude that the ALJ's calculation of the length of Williams' pre-1965 employment was rational, supported by substantial evidence, and adequately explained.  The ALJ recognized the inconsistencies in the accounts of Williams' employment history, explained that Williams' testimony established 10 years of pre-1965 coal mine employment, and reasoned that the relevant evidence largely corroborated his testimony.  Moreover, the ALJ also found that Williams established five full years of coal mine employment after 1965, and Milburn does not

---

[1] We reject Milburn's contention that a prior ALJ decision denying Williams benefits collaterally estopped the ALJ from considering the length of his employment. Because the prior ALJ denied benefits on the ground that Williams did not have pneumoconiosis, that ALJ's calculation of Williams' employment length was not critical or necessary to the decision. *See Collins v. Pond Creek Mining Co.*, 468 F.3d 213, 217 (4th Cir. 2006) (noting that collateral estoppel does not apply unless determination of relevant issue was "a critical and necessary part of the decision in the prior proceeding" (internal quotation marks omitted)).  Moreover, while Milburn asserts that the BRB exceeded the scope of its review on this issue by making factual findings not first made by the ALJ, the record reflects that the BRB permissibly applied the legal principles of collateral estoppel to the undisputed facts. *See Newport News Shipbuilding & Dry Dock Co. v. Parker*, 935 F.2d 20, 23 (4th Cir. 1991) (discussing BRB's authority to correct legal errors).

3

challenge this finding on appeal.  Accordingly, we conclude that the ALJ properly invoked the 15-year presumption of total disability due to pneumoconiosis.[2]

Next, Milburn argues that the ALJ erred in finding that it failed to rebut the presumption of pneumoconiosis.  In particular, Milburn contends that the ALJ applied the wrong legal standard and irrationally discredited the opinions of Drs. Zalvidar and Spagnolo, who both opined that Williams did not have legal pneumoconiosis.  But the ALJ correctly recognized that, to rebut the presumption that Williams had legal pneumoconiosis, Milburn had to establish that Williams did not have a disease "significantly related to, or substantially aggravated by, coal dust exposure."  20 C.F.R. § 718.201(b) (defining legal pneumoconiosis); *see* 20 C.F.R. § 718.305(d)(1)(i) (providing that employer can rebut 15-year presumption by establishing that the miner does not have clinical or legal pneumoconiosis); *W. Va. CWP Fund*, 880 F.3d at 695 (holding that employer satisfies the § 718.305(d)(1)(i) "standard for rebuttal" by "prov[ing] the obverse [of the presumption]:  that the miner's impairment is *not* significantly related to, or substantially aggravated by, the [15] years or more he has spent in coal mines" (internal quotation marks omitted)).  And while Drs. Zalvidar and Spagnolo opined that Williams had asthma, neither doctor adequately explained his conclusion that Williams' coal dust

---

[2] Since the ALJ properly attributed Williams with 15 years of employment—the minimum amount necessary for invocation of the presumption of disability due to pneumoconiosis—we need not address Milburn's argument that the ALJ erred in crediting Williams with an additional 4.44 years of partial coal mine employment between 1965 and 1974.  *See* 30 U.S.C. § 921(c)(4); 20 C.F.R. § 718.305(b).

4

exposure did not contribute to or aggravate this condition. Therefore, the ALJ reasonably discounted their opinions.[3]

Accordingly, we deny Milburn's petition for review for the reasons stated by the BRB. *Williams v. Milburn Colliery Co.*, No. 21-0160 BLA (B.R.B. July 13, 2022). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

*PETITION DENIED*

---

[3] Milburn also argues that the ALJ erroneously credited Dr. Forehand's opinion that Williams had legal pneumoconiosis, failed to account for the physicians' qualifications in weighing their opinions, erred in addressing Williams' hospitalization and treatment records, and erred in concluding that Milburn failed to establish that no part of Williams' disability was due to pneumoconiosis. However, because the ALJ reasonably discredited the only medical evidence that attempted to rebut the presumption of legal pneumoconiosis, we need not reach Milburn's additional arguments.

5